IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BAMRUNG P. CHUMPIA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 04-2786-Ml/P |
| UNITED STATES OF AMERICA, et al. | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION FOR RECONSIDERATION
AND
ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 455

Plaintiff Bamrung P. Chumpia, a resident of Memphis, filed a pro se complaint on September 29, 2004. The Court issued an order on February 28, 2005 that, inter alia, granted leave to proceed in forma pauperis and dismissed the complaint, in its entirety, pursuant to Fed. R. Civ. P. 8(a)(1) and 10(b) and 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii). Judgment was entered on March 1, 2005. On March 14, 2005, Plaintiff filed a document, entitled "Pro Se Motion for a New Trial or Rehearing and Complaint of Judicial Misconduct and Disqualification of the Judge" ("Pl.'s 03/14/05 Mot."), which the Court construes as a timely motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).[1]

---

[1] Any complaint of judicial misconduct is not properly submitted in conjunction with a substantive motion in this case, as the motion is automatically handled by the judge assigned to this case, who is also the subject of the misconduct complaint. Moreover, 28 U.S.C. § 372, which Plaintiff cites as
(continued...)



With respect to the motion for reconsideration, a party should be afforded relief from a judgment pursuant to Fed. R. Civ. P. 59(e) only under limited circumstances:

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) (footnotes omitted); see Nagalingam v. Wilson, Sowards, Bowling & Costanzo, No. 00-5453, 2001 WL 493392, at *2 (6th Cir. May 1, 2001). The arguments raised by Plaintiff do not fit within this framework.

Plaintiff first refers to holding a party in contempt of court, Pl.'s 03/14/05 Mot. at 1, however, the Court's previous orders did not mention the issue of contempt. Plaintiff also asserts that it is improper for the Court to dismiss his complaint on the basis of authorities that he did not cite in his papers. Id. at 2. The Court, however, is bound by the applicable law when

---

[1] (...continued)
applicable to claims of judicial misconduct, concerns the mental and physical disabilities of judges and has no bearing on this case.

2

resolving legal issues, and its analysis is not limited to the authorities cited in Plaintiff's submissions. Plaintiff also objects to the certification, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith and, therefore, he may not proceed in forma pauperis on appeal. Pl.'s 03/14/05 Mot. at 3. Plaintiff asserts that, "[i]n doing anything bad faith, there must be ill will motive including insulting the court without respect." id. However, an appeal is not taken in good faith, within the meaning of Fed. R. App. P. 24(a), if the issues presented are frivolous. See Callihan v. Schneider, 178 F.3d 800, 804 (6th Cir. 1999). In this case, the Plaintiff's various filings were neither disrespectful nor motivated by ill will toward this Court. The action was, however, lacking in substantive merit, and it was dismissed on that basis.

The Plaintiff contends that this action is not barred by res judicata or collateral estoppel because of unspecified unusual circumstances or unusual error of the courts hearing Plaintiff's previous cases. Pl.'s 03/14/05 Mot. at 5. This argument was rejected in the February 28, 2005 order. 02/28/05 Order at 8 n.5. Moreover, nothing in the Plaintiff's motion provides any basis for reconsidering the decision that Plaintiff's claims against the various judges who have heard his other lawsuits are barred by absolute judicial immunity. Id. at 10. Although the Plaintiff complains about the treatment he is receiving in the Shelby County Chancery Court, this Court cannot interfere in a case pending in state court or review a final decision by a state court. Id. at 11.

3

Finally, the Plaintiff contends that he is entitled to relief against the United States Department of Education pursuant to 20 U.S.C. § 1082(a)(6). Pl.'s 3/14/05 Mot. at 5. This Court, however, has no authority to direct the Secretary of Education to enter into any settlement of Plaintiff's student loan debt.

Accordingly, the Court DENIES the motion for reconsideration.

The Plaintiff also seeks the disqualification of the judge in this case. "The legal standard [for recusal] requires the facts to be such as would 'convince a reasonable man that a bias exists.'" United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983) (citing Berger v. United States, 255 U.S. 22, 33 (1921)). According to the Sixth Circuit:

> To warrant recusal under § 144, an affidavit must "allege[] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." General Aviation, Inc. v. Cessna Aircraft Co., 915 F.2d 1038, 1043 (6th Cir. 1990). The alleged facts, moreover, must relate to "extrajudicial conduct rather than . . . judicial conduct." United States v. Story, 716 F.2d 1088, 1091 (6th Cir. 1983) (internal quotation marks omitted). In other words, the affidavit must allege facts showing "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." Id. at 1090 (internal quotation marks omitted).

Ullmo ex rel. Ullmo v. Gilmour Academy, 273 F.3d 671, 681 (6th Cir. 2001) (citations omitted). The same principle is applicable to recusal motions pursuant to 28 U.S.C. § 455(a). Liteky v. United States, 510 U.S. 540 (1994).

4

In this case, the only basis for the Plaintiff's motion is his disagreement with the Court's dismissal order. That circumstance does not present any basis for disqualification. Moreover, the motion is untimely, having been filed two weeks after the entry of judgment.

The motion for disqualification is DENIED.

IT IS SO ORDERED this __11__ day of May, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 2:04-CV-02786 was distributed by fax, mail, or direct printing on May 18, 2005 to the parties listed.

---

Bamrung P. Chumpia
3649 Mozelle
Memphis, TN 38128

Honorable Jon McCalla
US DISTRICT COURT